IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLORIA DEAN FAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-09019-MC-RK |
| | ) |
| INNOVATIONS 365, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO WITHDRAW REFERENCE</u>**

Now before the Court is Defendants' Motion to Withdraw Reference ("Motion"). (Doc. 1.) In their Motion, Defendants move to withdraw reference of their adversary case[1] to the Bankruptcy Court. Specifically, Defendants request that the adversary case be transferred from the Bankruptcy Court to the District Court (1) for trial and (2) for all other purposes. The Court construes "all other purposes" to include all pretrial proceedings. Plaintiff consents to withdrawal of reference.[2] (Doc. 12.) As further discussed below, Defendants' Motion to Withdraw Reference will be **GRANTED IN PART AND DENIED IN PART**.

**I.     Mandatory Withdrawal**

In their Motion, Defendants argue that withdrawal is appropriate under both the mandatory and discretionary provisions of 28 U.S.C. § 157(d). They argue that mandatory withdrawal is required for Plaintiff's claim arising under the Real Estate Settlement Procedures Act, 12 U.S.C. § 1205 ("RESPA")[3] because absent withdrawal, the Bankruptcy Court would be impermissibly

---

[1] The parties' adversary case is proceeding in the United States Bankruptcy Court for the Western District of Missouri as Adversary Proceeding number 17-04152-drd. In the Western District of Missouri, all bankruptcy proceedings and related cases are automatically referred to the bankruptcy court by standing order. Documents cited from the adversary case will be cited as "Adversary doc. __," and documents cited from this Court's miscellaneous case will be cited as "Doc. __."

[2] Plaintiff originally opposed Defendants' Motion to Withdraw Reference (doc. 7), but Plaintiff later filed a Consent to Withdrawal of Reference and withdrew her opposition (doc. 12).

[3] Plaintiff has filed a Motion for Leave to File a Second Amended Complaint in the bankruptcy case which seeks to eliminate her RESPA claim. (Adversary docs. 101, 105.) The Bankruptcy Court has not yet ruled on Plaintiff's motion. Therefore, the Court will analyze the Motion to Withdraw Reference (doc. 1) as it relates to the operative complaint – First Amended Complaint (adversary doc. 5).

required to resolve federal law regulating organizations and activities affecting interstate commerce.

In relevant part, 28 U.S.C. § 157(d) states, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." In support of mandatory withdrawal of the RESPA claim, Defendants allege:

> RESPA governs certain types of lenders and home loans on a national scale and requires such lenders to abide by certain standards of communication and conduct. . . . Here, there will need to be a substantial interpretation of RESPA because Defendants assert that the statute does not apply to them. . . . There will be no simple or mechanical application of RESPA.

(Doc. 2 at 5.) Defendants suggest that evaluation of Plaintiff's RESPA claim will require "substantial and material" consideration of RESPA, rather than a mere application of the federal statute, because "[t]his case will require a sifting of evidence that includes documentation and most likely testimony to determine whether RESPA even applies" to the loan and Defendants in this case. (Doc. 10 at 14.)

This Court has followed "the approach adopted by the Seventh Circuit, which has held that mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Miller Auto. Grp.*, 2013 U.S. Dist. LEXIS 32956, at *5 (W.D. Mo. Mar. 11, 2013). In addition, while RESPA is certainly a federal statue, it is a statute "that bankruptcy courts across the nation have considered on numerous occasions, holding that mandatory withdrawal of the reference is not appropriate." *Harris-Nutall v. Nationstar Mortg., LLC*, 2016 Bankr. LEXIS 4623, at *11 (Bankr. N.D. Tex. 2016) (collecting cases). The Court finds that Defendants have failed to meet their burden to establish mandatory withdraw of the reference is appropriate.

The crux of Plaintiff's RESPA claim is that Plaintiff sent Defendants a request for information and a notice of error, neither of which were acknowledged nor responded to by Defendants. Plaintiff alleges that Defendants' failure to acknowledge and respond violates RESPA. RESPA provides plaintiffs a private right of action if a servicer of a federally related mortgage loan fails to respond to a qualified written request for information about a loan. 12 U.S.C. § 2605(e)-(f). RESPA defines "servicer" as "the person responsible for servicing a

2

loan[,]" and defines the term "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . , and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(2)-(3). A "federally related mortgage loan" is also defined at length in 12 C.F.R. § 1024.2(b).

Here, although Defendants argue that it will take more than a mere application of RESPA to determine whether RESPA even applies to Defendants or the loan at issue in this case, Defendants do not provide the Court with the rationale behind their argument. Moreover, as shown above, RESPA provides detailed definitions regarding its application. Therefore, the Court cannot discern why such a determination would be difficult in this case. Thus, the Court deems it unnecessary and inappropriate to withdraw the reference at this juncture based on the mandatory withdrawal provision of 28 U.S.C. § 157(d).

## II. Permissive Withdrawal

Defendants alternatively argue that cause exists for discretionary withdrawal under 28 U.S.C. § 157(d). This Court recently addressed the standard for withdrawal of reference in *Strauss v. Cole* which states:

> Pursuant to 28 U.S.C. § 1334(a) and (b), "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "may provide that any or all" of such cases "be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a). In the Western District of Missouri, all bankruptcy proceedings and related cases are automatically referred to the bankruptcy court by standing order.
>
> A "'district court may withdraw' a reference to the bankruptcy court ... 'on timely motion of any party, for cause shown.'" The party seeking withdrawal bears the burden of demonstrating timeliness and cause. Whether to withdraw the reference is a decision that is committed to the sound discretion of the district court, and the district court has broad discretion in making it.
>
> ***
>
> In evaluating whether cause exists, courts consider factors such as: (1) whether the claims are core or non-core; (2) judicial economy; (3) prevention of forum shopping; (4) promoting uniform administration of the bankruptcy code; and (5) the presence of a jury demand.

2017 U.S. Dist. LEXIS 213482, at *7-8, 14-15 (W.D. Mo. Dec. 29, 2017) (citations omitted). There is no dispute that the Motion was timely filed. Additionally, the Court finds that Defendants

3

have shown cause[4], and Plaintiff no longer opposes cause shown. However, Bankruptcy Local Rule 9015-1(F) states:

> In any case where a jury trial will be conducted in District Court, the adversary action or proceeding shall remain in Bankruptcy Court until conclusion of all pretrial proceedings, including discovery, pretrial conferences, and ruling of all motions, including dispositive motions, and shall be transferred to District Court on order of the Bankruptcy Court when the proceeding is ready for trial.

Therefore, the Court will grant Defendants request that the adversary case be transferred for trial, however, pursuant to Bankruptcy Local Rule 9015-1(F) and per the Court's discretion in permissive withdrawal, the Court finds that the case should remain pending in the Bankruptcy Court until conclusion of all pretrial proceedings. Thus, the case will only be transferred to the District Court once the proceeding is ready for trial.

### III. Conclusion

Accordingly, Defendants' Motion to Withdraw Reference (doc. 1) is **GRANTED IN PART AND DENIED IN PART.** Specifically, (1) Defendants' request that the adversary case be transferred from the Bankruptcy Court to the District Court for trial is **GRANTED** and (2) Defendants' request that the adversary case be transferred from the Bankruptcy Court to the District Court for all other purposes is **DENIED.** The case shall remain pending in the Bankruptcy Court until conclusion of all pretrial proceedings and shall only be transferred to the District Court once the proceeding is ready for trial.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 27, 2018

---

[4] For example, Defendants demanded a jury trial and did not consent to jury trial in the Bankruptcy Court (adversary doc. 14), and Plaintiff has consented to a jury trial on all issues so triable (adversary doc. 82).